FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

98 SEP 23 AM II: 14
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
SEP 2 3 1998

BRITT ENGINEERING, INC., )
   Plaintiff, )
   v. )
PLASTRONICS, INC.; EPIC, INC., )
   Defendants. )
======================== )  CIVIL ACTION NO. 97-G-1544-S
EPIC, INC., )
   Third-Party Plaintiff, )
   v. )
JACOBS ENVIRONMENTAL, INC. )
   Third-Party Defendant. )

MEMORANDUM OPINION

This cause came to be heard at the court's regularly scheduled motion docket upon the motion of defendant Plastronics, Inc. ("Plastronics") to set aside judgment by default and to stay post judgment discovery.[1] At the motion docket the court requested that the parties submit additional briefs on issues raised at that

---

[1] The plaintiff, Britt Engineering, Inc. ("Britt"), has also filed a motion for entry of final judgment against Plastronics, as well as a motion to strike the first affidavit of Zol Zittrer. Ruling upon Britt's motion for entry of final judgment will, of course, depend upon the disposition of Plastronics' motion to set aside the default judgment. The court will only consider portions of the affidavits of Zol Zittrer properly admissible on the issues before the court. Therefore, that motion will be denied. The parties requests for oral argument, docketed by the Clerk as motions, should be deemed granted insomuch as the matter was argued at the court's regularly scheduled motion docket.

53

docket. The court has reviewed counsel's submissions and the matter is ripe for decision.

## RELEVANT PROCEDURAL HISTORY

Britt filed this action in the Circuit Court of Jefferson County, Alabama, on May 16, 1997. In its complaint, Britt asserts claims against Jacobs Environmental, Inc. ("Jacobs"),[2] Epic, Inc. ("Epic") and Plastronics arising out of the construction of a waste treatment plant in Sayreville, New Jersey. The action was removed to this court by Epic on June 25, 1997. A motion to remand was filed by Britt on July 25, 1997, on the ground that defendant Plastronics had not joined in the petition for removal. On August 7, 1997, attorneys with the law firm of Berkowitz, Lefkovits, Isom & Kushner, ("Berkowitz") filed a notice of appearance as counsel of record for Plastronics. On the same day Berkowitz filed a notice of consent to removal on behalf of Plastronics. The court denied Britt's motion to remand because Plastronics had not been served prior to the removal of the action. On February 9, 1998, Berkowitz filed a motion to withdraw as counsel for Plastronics. The motion was consented to by Plastronics' through its president, Zol Zittrer. On February 12, 1998, the court entered an order allowing

---

[2] Jacobs was subsequently dismissed as a defendant.

Berkowitz to withdraw, and further ordered Plastronics to retain substitute counsel who should file a notice of appearance within 30 days.

On April 20, 1998, Britt filed motions for entry of default and for entry of default judgment. On April 21, 1998, the Clerk made an entry of default against Plastronics. On May 8, 1998, Britt filed a second motion for entry of default judgment, which recited apparently by mistake that Plastronics had not filed a notice of appearance. On that same date Britt filed the affidavit of William F. Britt in support of its motion for default judgment. On May 12, 1998, Britt's attorney filed an affidavit supporting the attorneys' fees requested in its motion for default judgment. Based upon the affidavits filed by Britt, and the fact that Plastronics had not answered or otherwise plead to the complaint, the court entered a default judgment against Plastronics on May 14, 1998. On July 16, 1998, Plastronics filed the motion to set aside the judgment by default that is currently at issue.

## DISCUSSION

The procedure for setting aside a default judgment is found in Rule 55(c), which provides: "For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in

3

accordance with Rule 60(b)." Rule 60(b) provides the mechanism for obtaining relief from judgments. It provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.

In addition to the requirements imposed by the rules, in the context of setting aside default judgments, two additional prerequisites are required. First, the party wishing to set aside the default must show that it has a meritorious defense to the action that might have affected the outcome. Moldwood Corporation v. Stutts, 410 F.2d 351, 352 (5th Cir. 1969); cf. Gulf Coast Fans v. Midwest Elec. Importers, 740 F.2d 1499, 12511 (11th Cir. 1984)( appellate court will not review district court's denial of motion to set aside default judgment unless defaulting party shows it has meritorious defense). Second, the defaulting party must show that setting aside the default would not result in prejudice to the nondefaulting party. Cf., Gulf Coast Fans, 740 F.2d at 1511 (appellate court will not review district court's denial of motion to set aside default unless no prejudice shown) (citing C. Wright and A. Miller, Federal Practice and Procedure, § 2697). However, generally this second requirement is found to be met and in most instances this "reflects the ability of the court to impose terms and conditions on

4

the granting of relief in order to compensate or otherwise protect the party not in default." Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2699 (1998). The court having carefully reviewed the affidavits of Zol Zittrer finds that Plastronics has demonstrated that it has a meritorious defense. Because discovery is still in progress, setting aside the default should not result in an inordinate delay of a trial on the merits.

      Whether to grant a Rule 60(b) motion rests in the sound discretion of the district court. Gulf Coast Fans, 740 F.2d at 1510. However, the court must keep in mind that the strong policy of determining cases on their merits means default judgments are to be disfavored. Gulf Coast Fans, 740 F.2d at 1510. The default judgment entered in the instant case also rests upon tenuous ground because of procedural irregularities surrounding its entry. As noted above, Plastronics appeared in the action through counsel and consented to the removal of the action from state court.[3] Therefore, Rule 55(b)(1) is inapplicable and default

---

[3] The court rejects Britt's argument that the appearance by counsel was for a limited purpose and, therefore, should be ignored for the purposes of Rule 55. The notice of appearance as counsel by Berkowitz does not indicate that it is limited in any way. Further, it is the appearance of Plastronics in the action that is in question. Plastronics, through its counsel, joined in the petition for removal. This constitutes an appearance within the meaning of the Rules. The implications of the withdrawal of Plastronics' counsel will be discussed below.

5

judgment must be entered by the court. Rule 55(b)(2) provides in pertinent part as follows:

> If the party against whom judgment by default is sought has appeared in the action, the party . . . shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application.

Britt has argued that the court should disregard the appearance by Plastronics because its counsel subsequently withdrew. The court again notes that it is the appearance of Plastronics through counsel that triggers the notice requirements of Rule 55(b)(2). The fact that Plastronics was unrepresented following the withdrawal of its counsel is irrelevant with respect to the notice requirement. Bass v. Hoagland, 172 F.2d 205, 209 (5th Cir. 1949)("The withdrawal of counsel did not make the notice unnecessary, but made it servable on the defendant instead of his counsel."); Gulf Coast Fans, 740 F.2d at 1511-12 ("Although notice was served on PAX's counsel, counsel had withdrawn from the case prior to trial. Therefore, notice had to be served on PAX."). See also, Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2687 (1998)("A party's failure to appear or be represented at any stage of the proceedings following an initial appearance does not affect [the Rule 55(b)(2)] notice requirement.").

Two motions for entry of default judgment were filed. The first, improperly refers to Rule 55(a), which governs entry of default, but requests that the court enter a default judgment against Plastronics. The second motion goes into more detail concerning the damages sought and merely recites that it is pursuant to Rule 55. The certificates of service on both motions indicate that they were sent to Plastronics at 1730 Nassau Road One, Houston, Texas. Britt concedes that this is Plastronics' former address and that the first motion for default judgment was sent to that address due to an administrative mistake. (Plaintiff's brief in opposition to motion to set aside default, at p. 4.) Zol Zittrer states in his affidavit that he received neither of these motions until after the entry of default judgment on May 14, 1998. Therefore, based upon the record the court must conclude that Plastronics was not given the notice required by Rule 55(b)(2).

The better view is that the lack of such notice does not make the default judgment void. Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2687 (1998) However, "failure to give the three-day required notice generally is considered a serious procedural error that justifies the reversal or the setting aside of a default judgment." Id.

Other factors relevant to whether a default judgment should be set aside were considered in Gulf Coast Fans. In that case the court noted that the

party against whom the default judgment had been entered had made a "strong argument that it was entitled to a jury trial on damages." 740 F.2d at 1511 (citing Bass v. Hoagland). In Bass the court noted that the plaintiff's jury demand "operated as a demand by the defendant also unless withdrawn by his consent . . . ." 172 F.2d at 209. Rule 38(d) provides that a "demand for trial by jury . . . may not be withdrawn without the consent of the parties." In Thorpe v. National City Bank of Tampa, 274 F. 200 (5th Cir. 1921), the court also held that a jury trial was required on the amount of damages even though the plaintiff had obtained a judgment by default.[4] Based upon these cases, Plastronics might make an argument that it is entitled to a jury trial on the issue of damages. Because it was not afforded the required notice, it was not afforded the opportunity to make that argument.

Although Britt argues that Rule 55(b)(2) does not require a jury trial as to damages, it concedes that the court may order a jury trial on the issue of

---

[4] The court notes that the holding of Thorpe and the application of Bass in default cases has been called into question. In Benz v. Skiba, Skiba & Glomski, 164 F.R.D. 115, 117 n. 2 (D. Maine 1995), the court noted that the Bass court upheld the defendant's right to a jury trial on the ground that the default had been erroneously entered. The Benz court also noted that Thorpe has apparently been overruled by In re Dierchke, 975 F.2d 185 (5th Cir. 1992). Assuming arguendo that the Fifth Circuit has overruled Thorpe, it nonetheless remains binding precedent in this circuit.

8

damages if the court deems it appropriate to do so. However, because Plastronics was not afforded the proper notice before the issue of damages was decided, it was unable to request that the issue of damages be decided by a jury. Even if Plastronics was not entitled to a jury trial on that issue as a matter of right, fairness requires that it be given the opportunity to request such. In Gulf Coast Fans, the court noted that the failure to provide the defaulted defendant with the required three days notice, complicated the question of whether it had waived its right to a jury trial. 740 F.2d 1511. The court found this to be a factor weighing in favor of setting aside the default. Likewise in the instant case, the court finds the failure to give Plastronics the required notice deprived it of an opportunity to insist upon, or to argue for, a jury trial. This is a strong factor weighing in favor of setting aside the default judgment. The court need not decide that Plastronics was entitled to a jury trial on the issue of damages in order to find that the lack of notice caused it prejudice.

      Another factor considered by the court in Gulf Coast Fans was that the jury had found the plaintiff had breached the contract upon which it had obtained the default judgment.

      Finally, and perhaps most importantly, we are concerned that Gulf Coast could collect a half million dollar judgment against PAX

9

> [the defaulted defendant] when the jury in Gulf Coast v. Midwest
> found that Gulf Coast breached the contract upon which it sued PAX.
>
> If Gulf Coast had sued Midwest and PAX claiming that they were
> jointly liable, and if PAX had defaulted, but Midwest had prevailed at
> trial, it would be clear that Gulf Coast could not obtain a default
> judgment against PAX. <u>Both Moore and Wright and Miller suggest
> that even when defendants are similarly situated, but not jointly
> liable, judgment should not be entered against a defaulting defendant
> if the other defendant prevails on the merits. We believe that this is a
> sound policy.</u> It would be incongruous and unfair to allow Gulf
> Coast to collect a half million dollars from PAX on a contract that a
> jury found was breached by Gulf Coast.

740 F.2d at 1512 (emphasis added)(citations omitted). A review of the complaint in the instant action reveals that, at least as to some claims, Plastronics and Epic are similarly situated. This presents the possibility of inconsistent judgments. Although in <u>Gulf Coast Fans</u> a verdict had already been entered with respect to the nondefaulting defendant, the possibility of inconsistent judgments is sufficient. In <u>Frow v. De La Vega</u>, 15 Wall. (82 U.S.) 552, 21 L. Ed. 60 (1872), the Supreme Court noted the following:

> If the court in such a case as this can lawfully make a final
> decree against one defendant separately, on the merits, while the
> cause was proceeding undetermined against the others, then this
> absurdity might follow: there might be one decree of the court
> sustaining the charge of joint fraud committed by the defendants; and
> another decree disaffirming the said charge, and declaring it to be
> entirely unfounded, and dismissing the complainant's bill.

15 Wall. (82 U.S.) at 554. The court concluded: "[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal." 15 Wall. (82 U.S.) at 554. Although the nondefaulting defendants in Frow had actually prevailed prior to the hearing of the appeal, the above quoted portions of the opinion demonstrate that it is the possibility of inconsistent judgments that is to be avoided. In the present case, this possibility provides a strong reason for setting aside the default judgment.

Another factor weighing in favor of setting aside the default judgment is the fact that Plastronics will remain an active party because of Epic's cross-claim even if the default judgment is allowed to stand. Therefore, setting aside the default judgment will cause less prejudice to the remaining parties than would be the case if that were not so.

For all of the above reasons the court finds that the default judgment against Plastronics should be set aside pursuant to Rules 55(c) and 60(b). An appropriate order will be entered contemporaneously herewith.

DONE this 23rd day of September 1998.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.

11